F I L E D
United States Court of Appeals
Tenth Circuit

FEB 11 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL D. COLBY,

      Petitioner-Appellant,

v.

JOHN THOMAS, Successor to Robert
Tansy, Warden, P.N.M.; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

      Respondents-Appellees.

No. 95-2128
(D.C. No. CIV-92-513-JP)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

---

      Petitioner Michael D. Colby appeals from the district court's denial of his

petition for a writ of habeas corpus.[1]  Our jurisdiction over this appeal arises from

28 U.S.C. § 1291.  We affirm.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner, along with a codefendant, William Jack Stephens, was convicted of first degree murder of a fellow inmate and sentenced to life imprisonment. The New Mexico Supreme Court affirmed the conviction. See State v. Stephens, 600 P.2d 820 (N.M. 1979). Thereafter, petitioner moved for a new trial based on newly discovered evidence. After holding an evidentiary hearing, the state trial court denied a new trial. The New Mexico Supreme Court affirmed the denial. See State v. Stephens, 653 P.2d 863 (N.M. 1982). Petitioner then filed for post-conviction relief in state court alleging denial of his due process right to a fair trial. He claimed (1) after the state trial court denied a new trial, he was never able to present all of the evidence to one jury; (2) the State used perjured testimony given in exchange for undisclosed promises during the trial; (3) the State withheld exculpatory evidence. Additionally, petitioner challenged a changed interpretation of parole eligibility requirements as a due process, equal protection, and ex post facto violation. The state district court denied relief, and the New Mexico Supreme Court subsequently denied certiorari.

Petitioner then filed for federal habeas corpus relief asserting essentially the same grounds he raised before the state courts. The district court adopted the magistrate judge's amended proposed findings, recommended disposition with clarification, and denied relief. The district court determined that petitioner's due process rights were not violated because the prosecution did not make deals with

-2-

certain witnesses and because the state trial court did not err in denying a new trial based on allegedly newly discovered and exculpatory evidence. The district court concluded petitioner was not unconstitutionally deprived of good time credits on his life sentence when the interpretation of the parole regulations was changed. Petitioner appealed.[2]

In reviewing the district court's denial of habeas corpus relief, we review the district court's factual findings for clear error, see Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996), except that the district court's factual findings made from that court's review of the state court record are subject to independent review, see Cunningham v. Diesslin, 92 F.3d 1054, 1062 n.6 (10th Cir. 1996). We review the district court's legal conclusions de novo. See Matthews, 83 F.3d at 331.

Petitioner first argues that because the State withheld material exculpatory evidence, his conviction was obtained in violation of Brady v. Maryland, 373 U.S. 83 (1963). According to petitioner, the exculpatory evidence included: (1) a

---

[2]    Because petitioner filed his notice of appeal and the district court granted a certificate of probable cause prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), the Act does not apply to this appeal. See Edens v. Hannigan, 87 F.3d 1109, 1112 n.1 (10th Cir. 1996); see also United States v. Hernandez, 94 F.3d 606, 612 n.4 (10th Cir. 1996)(refusing to discuss amendments at length because petitioner not entitled to federal habeas corpus relief under more expansive scope of review prior to Act).

statement by Officer Gallegos that petitioner had left the area where the crime was committed before it was committed; (2) undisclosed promises made to prosecution witnesses in exchange for their testimony; (3) lost or destroyed splinters removed from petitioner's hands. He believes the district court should have analyzed the cumulative effect of withholding these items of evidence, rather than merely evaluating each nondisclosure independently.

Under Brady we review mixed questions of law and fact de novo. See Banks v. Reynolds, 54 F.3d 1508, 1516 (10th Cir. 1995). The prosecution's suppression of exculpatory evidence, despite a defendant's request, violates due process if that evidence is material to guilt, irrespective of the good or bad faith of the prosecution. See Brady, 373 U.S. at 87. To establish a Brady violation, petitioner must show the prosecution suppressed material evidence favorable to him. See Banks, 54 F.3d at 1516. Evidence is material if there is a reasonable probability that, if the evidence had been disclosed, the result of the proceeding would have been different. See Kyles v. Whitley, 115 S. Ct. 1555, 1566 (1995); see also Banks, 54 F.3d at 1516 (primary consideration is whether failure to disclose resulted in unfair trial). In evaluating the materiality of the withheld evidence, a court considers the cumulative impact of the evidence, in light of the entire record, including its utility to the defense and its potentially damaging impact on the prosecution's case. See Banks, 54 F.3d at 1518.

The parties agree that Officer Gallegos' statement to prison officials after the murder—that petitioner had left the area before the crime was committed and that he did not see any blood on petitioner's clothes—was never revealed to petitioner. The New Mexico Supreme Court found that there was no evidence that the prosecution knew of Officer Gallegos or his statement to prison officials until the hearing on the motion for new trial and that petitioner did not exercise due diligence to learn of Officer Gallegos. See Stephens, 653 P.2d at 866-68. Petitioner believes the prosecution's obligation to turn over evidence was independent of any knowledge petitioner should have had. Petitioner further contends that he could not have learned of Officer Gallegos or his statement because there was no written record regarding Officer Gallegos' area of assignment.

We need not determine whether petitioner was diligent in his discovery, or whether knowledge of the information should have been imputed to the prosecution and therefore disclosed. See Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 824-25 (10th Cir.), cert. denied, 116 S. Ct. 272 (1995). Brady requires disclosure of exculpatory evidence only if the evidence is material. See Ballinger v. Kerby, 3 F.3d 1371, 1376 (10th Cir. 1993). This evidence was not material. Although an officer's testimony may carry more weight than that of an inmate, there is no indication that Gallegos' statement was material because, as

the district court determined, it was cumulative to the testimony of five witnesses and to that of petitioner and Stephens.

Petitioner argues that the State (1) did not disclose information regarding "deals" given to trial witnesses, and (2) allowed perjury from witnesses at trial. As evidence the prosecution made undisclosed promises to prosecution witnesses, petitioner points to several executive clemencies granted shortly after trial. It is settled that a prosecutor must disclose promises made by the State to prosecution witnesses in exchange for their testimony. See Giglio v. United States, 405 U.S. 150, 153-55 (1972). In reviewing petitioner's claim that several witnesses were promised release from prison in exchange for their testimony, the New Mexico Supreme Court concluded that the release of inmates through executive clemency did not patently prove they were promised release in exchange for testimony. See Stephens, 653 P.2d at 869. The record supports this finding. The testimony at trial and at the hearing on the motion for new trial established that the only promises made to witnesses concerned safety. In contrast, petitioner merely alleges without support that promises had been made, but not disclosed. See Demps v. Wainwright, 805 F.2d 1426, 1432 (11th Cir. 1986). The evidence of the subsequent granting of executive clemencies alone does not establish that undisclosed promises were made. See United States ex rel. Jones v. DeRobertis,

766 F.2d 270, 273 (7th Cir. 1985).  Like the district court and state courts, we decline to infer undisclosed promises were made.

Petitioner argues that the State suppressed additional exculpatory evidence when splinters taken from his hands were later lost or destroyed.  Petitioner did not raise this issue in his federal habeas corpus petition.  He first raised the issue in his district court briefs, and the district court declined to address it.  Typically issues not raised in the habeas petition may not be raised on appeal.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (issue first raised in traverse and not considered by district court, not cognizable on appeal); Smith v. Black, 970 F.2d 1383, 1389 (5th Cir. 1992); Kennedy v. Delo, 959 F.2d 112, 117 (8th Cir. 1992).  Were we to consider the argument, it has no merit.  Petitioner has not shown bad faith on the part of the state in failing to preserve this alleged exculpatory evidence.  See Arizona v. Youngblood, 488 U.S. 51, 56 n.*, 57-58 (1988); United States v. Fleming, 19 F.3d 1325, 1331 (10th Cir. 1994).

Petitioner next argues that the failure to grant a new trial based on newly discovered evidence violated his due process rights.  As grounds for this claim, petitioner points to the recanted testimony of the prosecution's eye witness, Ronnie Fritts, who petitioner claims was unavailable to testify at the hearing on the motion for a new trial.  The trial court determined Fritts was not unavailable at the time of the hearing and offered to delay ruling on the motions for new trial

in order to allow petitioner to exhaust all possible remedies to obtain this witness. However, petitioner apparently made no further attempts to obtain the witness or secure his affidavit. Additionally, the state district court refused to admit as hearsay a statement of an investigator that Fritts recanted his testimony. We agree with the district court that under the circumstances the state trial court did not err in refusing to declare Fritts unavailable or in refusing to allow the inadmissible hearsay statement of the investigator.

Petitioner contends that Michael Price's confession that he committed the murder with Fritts and that petitioner and Stephens had no involvement in the murder was new evidence.[3] Petitioner disputes the determination of the district court that this evidence could have been discovered prior to trial, by arguing that although petitioner and Price were co-defendants they were not co-conspirators. The New Mexico Supreme Court determined that Price's confession was merely cumulative to the defense presented by petitioner that someone else had committed the murder. See Stephens, 653 P.2d at 868. Our review of the record supports that determination. We also consider that Price's various explanations for delay in confessing suggest his confession may not have been credible. At the time of the hearing, Price, petitioner, and Stephens were together charged with

---

[3]     Price was indicted as a codefendant. During trial he was severed as a defendant, and later pled guilty to voluntary manslaughter.

murder in another case. Price asserted the Fifth Amendment when asked whether he had become close friends with petitioner and Stephens. Thus, Price's confession probably would not have produced an acquittal in the event of a new trial.

Petitioner claims he was entitled to a new trial due to the newly discovered evidence of Officer Gallegos. As noted, Officer Gallegos' statement was cumulative to the evidence presented.

Petitioner has not shown (1) his failure to learn of the new evidence was not due to his own lack of diligence, (2) the evidence was not merely cumulative, or (3) it would probably produce an acquittal in the event of a retrial. Cf. United States v. Palmer, 766 F.2d 1441, 1446 (10th Cir. 1985). We therefore conclude petitioner has failed to prove his due process rights were violated when he was denied a new trial.

Finally, petitioner argues that the district court erred in summarily deciding he was properly deprived of good time credits without considering all of the arguments he raised not precluded by Stephens v. Thomas, 19 F.3d 498 (10th Cir. 1994). Petitioner maintains the district court did not address his arguments that his due process and equal protection rights and his right against an ex post facto law were violated when the New Mexico parole board changed its interpretation of the word "serve" in only part of the statute. These arguments were fully

discussed and rejected in <u>Stephens</u>.  The district court did not err by failing to elaborate further.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge