**F I L E D**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KEVIN D. LOGGINS,

      Petitioner - Appellant,

v.

ROBERT D. HANNIGAN
and ATTORNEY GENERAL
OF KANSAS,

      Respondents - Appellees.

No. 01-3311
(D.C. No. 99-CV-3102-DES)
(D. Kansas)

ORDER AND JUDGMENT  *

Before **HENRY** , Circuit Judge,  **BRORBY** , Senior Circuit Judge, and  **BRISCOE** ,
Circuit Judge.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Kevin D. Loggins, appearing *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny his application for a certificate of appealability and dismiss the appeal.

Petitioner is currently serving consecutive sentences totaling 678 months, based on his Kansas state convictions for aggravated robbery, aggravated kidnaping, aggravated burglary, aggravated sexual battery, and criminal possession of a firearm. These convictions arose out of two residential armed robberies in 1995. During one of the robberies, while petitioner held a gun to the head of the husband/victim, petitioner's accomplice forced the wife/victim to her car where a third accomplice sexually battered her. Petitioner's conviction for aggravated sexual battery is based on his role in facilitating this incident.

In May 1998, the Kansas Court of Appeals affirmed all of petitioner's convictions except one, and the Kansas Supreme Court denied review in July 1998. On March 16, 1999, petitioner filed this federal habeas petition, claiming that (1) the evidence generally was insufficient to support his convictions; (2) the evidence did not support the aggravated sexual battery and aggravated kidnaping convictions because the sexual battery was not foreseeable and did not constitute bodily harm; (3) witnesses' references to his "Blood" tattoo and "mug shots"

-2-

violated a motion in limine and thereby deprived him of due process; and (4) the trial court's failure to instruct the jury sua sponte on the lesser-included offense of simple kidnaping deprived him of due process. *See* R., doc. 1 at 6-10.

On September 11, 2001, the district court denied the habeas petition, holding that the evidence was sufficient to support each of petitioner's convictions; that petitioner was not entitled to habeas relief due to the state court determinations that the sexual battery was foreseeable and constituted bodily harm; that petitioner's challenge to the reference to his tattoo was procedurally barred; that the reference to mug shots did not cause the trial to become fundamentally unfair; and that petitioner's claim regarding instruction on a lesser-included offense was not cognizable under § 2254 because it was an issue of state law. The district court also denied petitioner's motion to stay the habeas proceeding so that petitioner could exhaust additional claims in the state court.

Before we may consider his appeal, petitioner must obtain a certificate of appealability by making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If the district court denied an issue on its merits, petitioner may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the claim was denied upon a procedural ground, however, petitioner must show both that the procedural

ruling is debatable and that his petition stated a valid claim of the denial of a constitutional right. *Id.* Petitioner has not demonstrated his entitlement to a certificate of appealability on any of his issues.

Our review of the record reveals that there was more than sufficient evidence to support each of petitioner's convictions. In addition to circumstantial evidence, all of the victims identified petitioner as a participant in the armed robberies. The fact that petitioner was wearing a ski mask during the second robbery did not make the victims' identification speculative, given that petitioner lived two houses away and the victims were familiar with his voice and build.

Further, petitioner has not made a substantial showing that the Kansas Court of Appeals deprived him of a constitutional right by holding that sexual battery was a foreseeable occurrence during the commission of an aggravated robbery. As other courts have noted, sexual misconduct frequently occurs in the context of a residential robbery. *See, e.g., People v. Nguyen*, 26 Cal. Rptr. 2d 323, 332 (Cal. Ct. App. 1993); *State v. Pierce*, 364 N.W.2d 801, 810 (Minn. 1985).

Petitioner also did not show that he was deprived of a constitutional right by the state court's decision that sexual battery satisfied the aggravated kidnaping's requirement of bodily harm. This state law issue is not cognizable under § 2254 unless the state court's interpretation was unforeseeable. *See*

-4-

*Hawkins v. Mullin*, 291 F.3d 658, 662-63 (10th Cir. 2002). So too, the court's failure to give a lesser-included offense in a non-capital case does not raise a federal constitutional question, and thus cannot form the basis for habeas relief. *See Fero v. Kerby*, 39 F.3d 1462, 1480 (10th Cir. 1994); *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993).

Petitioner also has not made a substantial showing that witnesses' references to his tattoo and mug shots violated his right to due process. Although the district court denied petitioner's claim regarding his tattoo based on procedural bar, we elect to consider the merits of the claim. *See Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir.) (holding appellate court need not address procedural bar when merits may be addressed more simply and succinctly), *cert. denied*, 531 U.S. 982 (2000). In light of the overwhelming evidence against petitioner, it is highly unlikely that the witnesses' limited statements influenced the outcome of the trial. *See Moore v. Gibson*, 195 F.3d 1152, 1167 (10th Cir. 1999) (holding that habeas relief is not available unless an evidentiary "error, if any, was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process") (quotation omitted).

We will not consider petitioner's argument that forcing the wife/victim to her car was insufficient to support the kidnaping charge as this issue was

first raised in petitioner's traverse to respondents' answer to the habeas petition. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (holding that "[a] Traverse is not the proper pleading to raise additional grounds for relief," and thus an issue first raised in a traverse is not cognizable on appeal). Similarly, we will not consider petitioner's argument that the failure to instruct on a lesser included offense denied him his right to present a defense because he did not raise such an argument on direct appeal or in his habeas petition. We note, however, that petitioner's defense was based on his alibi witness, and that this defense was fully presented to the trier of fact.

Finally, petitioner has not shown that the district court's discretionary denial of his stay motion violated his constitutional rights. As noted by the district court, any issues petitioner seeks to exhaust are already foreclosed as untimely under 28 U.S.C. § 2244(d)(1), and petitioner cannot possibly show that he exercised due diligence in raising his claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

All outstanding motions are DENIED. Petitioner's request for a certificate of appealability is DENIED and his appeal is DISMISSED.

Entered for the Court


Wade Brorby
Senior Circuit Judge

-6-