**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOLLY M. THOMPKINS,

      Petitioner-Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

      Respondents-Appellees.

No. 11-3022
(D.C. No. 5:10-CV-03016-WEB)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

    Solly M. Thompkins, a Kansas state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of

---

    [*]    This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    [1]    Because Mr. Thompkins is proceeding pro se, we construe his filings liberally. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr.

Thompkins's application for a COA and dismiss his appeal. We grant his motion

to proceed *in forma pauperis*.

## BACKGROUND

Kansas charged Mr. Thompkins with "first-degree murder under alternate

theories of premeditation and felony murder, aggravated robbery . . . , assault and

battery . . . , burglary . . . , and two misdemeanors" in connection with the murder

of his wife. *State v. Thompkins* (*Thompkins I*), 952 P.2d 1332, 1337 (Kan. 1998).

At the conclusion of Mr. Thompkins's preliminary examination, the state district

judge found no evidence of premeditation and therefore dismissed the

premeditated-murder charge, but bound Mr. Thompkins over for trial on the other

felony charges and immediately arraigned him.

"Rather than appeal the dismissal of the premeditated first-degree murder

charge, . . . the State filed an amended information charging premeditated murder

or in the alternative felony murder, aggravated robbery, and burglary . . . [and]

moved to proceed under the amended information." *State v. Thompkins*

(*Thompkins II*), 21 P.3d 997, 1000 (Kan. 2001). The state trial judge denied this

motion, but said that he would instruct the jury on premeditated murder if

sufficient evidence of premeditation were presented during trial. At trial, the

judge instructed the jury on both premeditated and felony murder. The jury

convicted Mr. Thompkins of premeditated murder and burglary, but acquitted him of aggravated robbery, which was the felony underlying the felony-murder charge.

On direct appeal, the Kansas Supreme Court reversed Mr. Thompkins's premeditated-murder conviction because his due process rights were violated when "the jury convicted him of an offense the judge conducting the preliminary examination had dismissed for insufficient evidence, and on which he had not been arraigned." *Id.* at 1001. The Kansas Supreme Court remanded for further proceedings on the premeditated-murder charge.

On remand, after a preliminary examination, Mr. Thompkins was bound over for trial on the premeditated-murder charge, and a jury again convicted him of premeditated murder. Mr. Thompkins again filed a direct appeal, arguing, *inter alia*, that his reprosecution for premeditated murder violated the Double Jeopardy Clause. The Kansas Supreme Court affirmed his conviction, holding that the Double Jeopardy Clause was not violated.

Mr. Thompkins thereafter sought post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. He filed both a counseled motion alleging ineffective assistance of counsel, *see* R., Vol. 2, at 5 (Mot., filed May 10, 2002), and a supplemental pro se motion raising additional claims, *see* R., Vol. 1, at 121 (Am.

K.S.A. 60-1507 Mot., dated June 4, 2002).[2]  The state trial court denied post-conviction relief, *see* R., Vol. 1, at 129 (Mem. Decision, filed Mar. 31, 2006); the Kansas Court of Appeals affirmed, *see Thompkins v. State*, 203 P.3d 1281, 2009 WL 929100 (Kan. Ct. App. 2009) (unpublished table decision); and the Kansas Supreme Court denied review, *see Thompkins v. State*, 2010 Kan. LEXIS 56 (Jan. 7, 2010) (unpublished order).

Mr. Thompkins then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. *See* R., Vol. 1, at 5 (Pet., filed Jan. 22, 2010).  The district court dismissed Mr. Thompkins's habeas petition without granting him a COA.  *See Thompkins v. McKune*, No. 5:10-CV-03016-WEB, 2010 WL 5301014 (D. Kan. Dec. 20, 2010).

Mr. Thompkins now seeks a COA from this court so that he can appeal the district court's denial of his § 2254 petition.  He advances two arguments under the Constitution's Double Jeopardy Clause.  First, he argues that his prosecution for premeditated murder after that charge was dismissed at his preliminary examination contravenes his double-jeopardy protections.  Second, he contends

---

[2]     Although his pro se filing was styled as an amended motion, Mr. Thompkins intended to supplement, rather than supersede, his counseled Kan. Stat. Ann. § 60-1507 motion. *See* R., Vol. 2, at 35 (Mot. to Clarify, filed July 23, 2002) ("Movant filed an amended motion, when he should have titled it a supplemental motion. . . .  Movant ask[s] the Court to consider [his original] motion and the additional issues raised in the supplemental motion that was file[d].").  The state trial court considered the issues raised in both motions.

that these protections were abridged when he was reprosecuted for premeditated murder after he supposedly was impliedly acquitted of felony murder. Mr. Thompkins also argues that his lawyer was constitutionally ineffective in two ways: first, his lawyer presented a guilt-based defense, and second, he performed his work while burdened with a mental disability—i.e., depression.

## DISCUSSION

### I. Standard of Review

A COA is a jurisdictional prerequisite to this court's review of a habeas corpus petition. *See* 28 U.S.C. § 2253(c); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen*, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In determining whether to grant a COA, we need not engage in a "full consideration of the factual or legal bases adduced in support of the claims," *Miller-El*, 537 U.S. at 336; instead, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim, *id.* at

-5-

338. Although an applicant need not demonstrate that his appeal will succeed, he "must prove something more than the absence of frivolity or the existence of mere good faith" to obtain a COA. *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), *superseded on other grounds by statute*, 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted).

## II. Prosecution After Dismissal At Preliminary Hearing (Double Jeopardy)

Mr. Thompkins argues that his prosecution for premeditated murder after that charge was dismissed at his preliminary examination violates the Double Jeopardy Clause. *See* Aplt.'s Combined Opening Br. & Appl. for COA at 7–12 [hereinafter Aplt. Br.]. We conclude that this claim is without merit and, consequently, that reasonable jurists could not debate the correctness of the district court's resolution of it.

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: 'Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb.'" *Monge v. California*, 524 U.S. 721, 727–28 (1998) (quoting U.S. Const. amend. V). It protects a defendant against: (1) successive prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple criminal punishments for the same offense. *See id.* at 728 (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Mr. Thompkins's arguments pertain to the first two protections.

-6-

*A. Jeopardy Did Not Attach at the Preliminary Examination*

"The protections afforded by the [Double Jeopardy] Clause are implicated only when the accused has actually been placed in jeopardy," which occurs "when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977). "[A]n accused must suffer jeopardy before he can suffer double jeopardy." *Serfass v. United States*, 420 U.S. 377, 393 (1975). "Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id.* at 391–92. We conclude that jeopardy had not yet attached at the time of Mr. Thompkins's preliminary examination. Consequently, his double-jeopardy argument predicated on the dismissal of the premeditated-murder charge at that examination must fail.[3]

In Kansas, the purpose of a preliminary examination is to "determin[e] . . . whether a crime has been committed and whether there is a probability that the defendant committed the crime," *Mortimer v. Evans*, 386 P.2d 261, 263 (Kan. 1963), and "not to determine the guilt or innocence of the accused," *State v.*

---

[3]     If jeopardy had not attached, it follows *a fortiori* that Mr. Thompkins was not *formally acquitted* of the premeditated-murder charge by virtue of the state district court's dismissal of that charge at his preliminary examination. As noted *infra*, Mr. Thompkins nevertheless contends that he was *impliedly acquitted* of this charge because he was effectively acquitted of the felony-murder charge when the jury acquitted him of the underlying felony. Because, as we later discuss, we deem this argument to be waived, we do not reach its merits.

*Boone*, 543 P.2d 945, 949 (Kan. 1975), *superseded on other grounds by statute*,

Kan. Stat. Ann. §§ 20-302b(a), 22-2902(7), *as recognized in State v. Valladarez*,

206 P.3d 879, 884–86 (Kan. 2009).  "The guilt or innocence of a defendant is not

adjudged at a preliminary examination," *Mortimer*, 386 P.2d at 263, as "[t]he

examining magistrate has no power to acquit but only the power to discharge from

custody," *Boone*, 543 P.2d at 949.[4]  Thus, in Kansas, "the discharge of a

defendant at a preliminary hearing does not constitute a bar to a subsequent

prosecution on the same charges."  *State v. Puckett*, 729 P.2d 458, 461 (Kan.

1986); *accord Boone*, 543 P.2d at 949 ("Such discharge is not a bar to another

prosecution." (citation omitted)); *see United States ex rel. Rutz v. Levy*, 268 U.S.

390, 393 (1925) ("[T]he discharge of an accused person upon a preliminary

examination for want of probable cause constitutes no bar to a subsequent

preliminary examination before another magistrate.  Such an examination is not a

trial in any sense and does not operate to put the defendant in jeopardy."); *see

also Morse v. United States*, 267 U.S. 80, 85 (1925) ("[A] judgment in a

preliminary examination discharging an accused person for want of probable

---

[4]      In Kansas, "[p]rocedure by preliminary examination takes the place
of procedure of grand jury," in that "[i]t is a method of determining whether a
suspect should be held for trial, and serves to prevent escape of the guilty and
detention of the innocent."  *Mortimer*, 192 Kan. at 167; *accord Boone*, 218 Kan.
at 486 ("A magistrate in Kansas makes a finding of probable cause in a
preliminary examination similar to that made by grand jurors in deciding whether
to return an indictment . . . .").

cause is not conclusive upon the question of his guilt or innocence and constitutes no bar to a subsequent trial in the court to which the indictment is returned.").

Accordingly, the dismissal of the premeditated-murder charge against Mr. Thompkins at his original preliminary hearing cannot provide support for his Double Jeopardy claim.

*B. Reversal of Conviction Due to Procedural Defect*

Nor does the fact that Mr. Thompkins was convicted of the dismissed premeditated-murder charge change this result, as his initial conviction was reversed because of a procedural defect.

"[T]he Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside . . . because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988). Put differently, "[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge." *United States v. Scott*, 437 U.S. 82, 90–91 (1978) (citation omitted). This is because a "reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case," and "implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial

process which is defective in some fundamental respect . . . ." *Burks v. United States*, 437 U.S. 1, 15 (1978).

Mr. Thompkins's initial premeditated-murder conviction was reversed by the Kansas Supreme Court because his conviction on this charge—a charge on which he had not been arraigned—violated his due process rights. *See Thompkins I*, 952 P.2d at 1344–47. This error is comparable to other procedural errors that have been held not to bar reprosecution after reversal. In *Burks*, for example, the United States Supreme Court identified "incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct" as examples of legal errors that do not bar retrial after a conviction is reversed. 437 U.S. at 15. It also has explained "that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument." *Montana v. Hall*, 481 U.S. 400, 404 (1987). Closer to the facts of Mr. Thompkins's case, this court has permitted defendants to be retried after reversals "for the introduction of a constructive amendment," *United States v. Farr*, 536 F.3d 1174, 1187 (10th Cir. 2008), and because "the legal standard under which the jury was instructed and under which the government presented its proof was incorrect," *United States v. Wacker*, 72 F.3d 1453, 1465 (10th Cir. 1995).

The Kansas Supreme Court reversed Mr. Thompkins's initial premeditated-murder conviction because of an error in the judicial process. Its decision implies nothing about Mr. Thompkins's guilt or innocence. Accordingly, the Double

-10-

Jeopardy Clause did not prohibit Mr. Thompkins's reprosecution for premeditated murder.

## III. Guilt-Based Defense Strategy (Ineffective Assistance of Counsel)

Mr. Thompkins attacks the state court's factual determination that he consented to counsel's use of a guilt-based defense, and also challenges the reasonableness of counsel's strategic decision. Mr. Thompkins's factual challenge is unavailing under the deferential standard of review required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and his legal argument has been waived. Accordingly, we conclude that reasonable jurists could not debate the correctness of the district court's resolution of this claim.

On post-conviction review, the state trial court explained that Mr. Thompkins's "major complaint" was "that a 'guilt based defense' was presented against [his] wishes." R., Vol. 1, at 130. The state trial court weighed Mr. Thompkins's testimony "that he did not authorize such a defense" against his trial counsel's testimony "that Thompkins was in agreement with proceeding in that fashion, and . . . never expressed any disapproval of defending the case in this fashion." *Id.* at 131. The court found "that trial counsel's testimony is more credible than that of Thompkins . . . and that trial counsel informed Thompkins in advance of the trial strategy and that there was no objection to proceeding in that fashion." *Id.* at 131–32. On appeal, the Kansas Court of Appeals explained that "Thompkins' argument on appeal rests entirely upon a factual dispute resolved by

-11-

the district court against Thompkins," and upheld the state trial court's factual findings. *Thompkins*, 2009 WL 929100, at *4.

Under AEDPA, "[w]e presume the factual findings of the state courts to be correct, and petitioner bears the burden of rebutting this presumption by clear and convincing evidence." *Fairchild v. Workman*, 579 F.3d 1134, 1139 (10th Cir. 2009); *accord* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Mr. Thompkins argues that "[i]t is unclear whether petitioner consented to such a strategy." Aplt. Br. at 17. Under AEDPA's deferential standard of review, this contention is patently insufficient to upset the state court's factual determination that he consented to a guilt-based defense.

Mr. Thompkins also challenges the reasonableness of counsel's strategic decision to present a guilt-based defense. *See id.* at 17–19. However, Mr. Thompkins waived this argument by failing to assert it in his federal habeas petition. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("The petition must . . . specify all the grounds for relief available to the petitioner . . . ."); *see Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("Parker raises several other alleged failures of counsel to object at trial, all of which he has waived by failing to assert them in his district court habeas petition."). Although Mr. Thompkins subsequently made this argument in

his district court traverse, *see* R., Vol. 1, at 94–95 (Traverse, filed Oct. 18, 2010), raising an issue for the first time in a reply brief or traverse is insufficient to preserve it. *See, e.g.*, *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it. Nor is the issue properly before this court." (citations omitted)); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) ("Because a traverse is not the proper pleading to raise additional grounds for relief, we find that Jackson has not advanced a cognizable equal protection claim." (citation omitted) (internal quotation marks omitted)); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief. . . . Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.").[5] Not surprisingly, the district court's analysis does not appear to go beyond Mr. Thompkins's factual challenge, and this underscores the fact that Mr.

---

[5] Panels of this court have reached similar conclusions in non-precedential decisions. *See Jordan v. Wiley*, 411 F. App'x 201, 212 n.9 (10th Cir. 2011) ("We will not consider an issue raised for the first time in a traverse because it was not properly before the district court . . . ."); *Loggins v. Hannigan*, 45 F. App'x 846, 849 (10th Cir. 2002) ("We will not consider petitioner's argument . . . as this issue was first raised in petitioner's traverse to respondents' answer to the habeas petition."); *Colby v. Thomas*, No. 95-2128, 1997 U.S. App. LEXIS 2268, at *9 (10th Cir. Feb. 11, 1997) ("Typically issues not raised in the habeas petition may not be raised on appeal.").

-13-

Thompkins did not properly present his legal, reasonableness challenge to the district court. *See Jordan*, 411 F. App'x at 212 n.9 ("[A]n issue raised for the first time in a traverse . . . [is] not properly before the district court—a point emphasized by the fact that the district court in this case did not address [the issue].").

## IV. Implied Acquittal (Double Jeopardy) and Counsel's Depression (Ineffective Assistance of Counsel)

Mr. Thompkins also has waived his remaining two claims—specifically, (1) that his reprosecution for premeditated murder violated the Double Jeopardy Clause because he was impliedly acquitted of premeditated murder when the jury effectively acquitted him of felony murder (by acquitting him of the underlying felony); and (2) that counsel's depression caused him to render ineffective assistance—by failing to raise them in his habeas petition.[6] *See, e.g.*, *Parker*, 394

---

[6]     In his habeas petition, Mr. Thompkins's Double Jeopardy claim was:

> Petitioner Was Denied His Right Against Double Jeopardy[.]  The State Was Barred By Res Judicata To Re-Try Him On First Degree Murder.
>      . . . .
> Petitioner's original conviction for First Degree Murder was reversed[.]  The state relied upon the same evidence to re-try defendant and such violated the double jeopardy clause as the re-prosecution was barred under the doctrine of Res Judicata.  The merits had been litigated.

R., Vol. 1, at 9.

(continued...)

-14-

F.3d at 1327.

Although he failed to raise these claims in his habeas petition, Mr. Thompkins subsequently presented them to the district court in his traverse. *See* R., Vol. 1, at 78 (discussing implied acquittal Double Jeopardy claim); *id.* at 98 (arguing that counsel's depression caused him to provide ineffective assistance). However, as we have previously noted, arguments raised for the first time in a traverse are not properly presented to the district court, and we will not consider them on appeal. *See, e.g., Tyler*, 416 F.3d at 504; *Jackson*, 112 F.3d at 880. Furthermore, the fact that the district court did not address these claims again highlights that Mr. Thompkins failed to properly present them to the court. *See Jordan*, 411 F. App'x at 212 n.9.

---

[6]     (...continued)
In his habeas petition, Mr. Thompkins's ineffective assistance claim was:

> Petitioner's Sixth and Fourteenth Amendments Were Violated Because Of Counsel's Ineffectiveness and Inadequate Representation.
>
> . . . .
>
> Trial counsel's repres[e]ntation was ineffective. The representation by counsel was prejudicial to petitioner's right to receive a fair trial. Trial counsel without permission presented a guilt based defense. Trial Counsel failed to call and secure the testimony of certain witnesses vital to presenting a[n] adequate defense. Trial counsel failed to move for a mistrial and move for a new trial. Trial counsel committed cumulative errors of constitutional magnitude.

*Id.* at 12.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Thompkins's application for a COA and **DISMISS** his appeal. We **GRANT** Mr. Thompkins's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge