**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 29, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL L. REED,

      Petitioner - Appellant,

v.

SAM CLINE; ATTORNEY GENERAL
OF KANSAS,

      Respondents - Appellees.

No. 17-3173
(D.C. No. 5:16-CV-03208-DDC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Applicant Samuel L. Reed seeks a certificate of appealability (COA) to appeal the

denial of his application for relief under 28 U.S.C. § 2254 by the United States District

Court for the District of Kansas. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to

appeal denial of relief under § 2254). We deny the request for a COA and dismiss this

appeal.

In 2011 a Kansas state-court jury convicted Applicant of attempted first-degree

murder. His conviction was upheld on review by the state appellate courts, and the

United States Supreme Court denied his petition for a writ of certiorari. He filed his

timely but unsuccessful § 2254 application in October 2016.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not grant

2

relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. *See id.* Therefore, if an applicant's claims have been adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Several of Applicant's claims assert ineffective assistance of trial counsel. To establish ineffective assistance, Applicant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688. Second, Applicant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We can consider the performance and prejudice prongs in either order; if Applicant fails to meet his burden on one prong, we need not consider the other. *See id.* at 697.

Three of Applicant's claims concern Amos Becknell, Applicant's purported victim. After Becknell told the prosecution at trial that he would not testify, the court requested "some direct feedback on the record as to his willingness to testify." *State v. Reed*, 352 P.3d 530, 534 (Kan. 2015) (brackets omitted). When the prosecution reported that Becknell was unwilling to enter the courtroom even for that purpose, Applicant's trial counsel suggested emptying the courtroom. The trial court then questioned Becknell

3

in the courtroom, with only Applicant, counsel, and court personnel present. After Becknell explained that he would not testify, the trial court found Becknell unavailable as a witness and let the prosecution read into evidence Becknell's prior testimony from a preliminary hearing.

Applicant first complains that the closure of the courtroom violated his right to a public trial under the Sixth Amendment (as applied to the States under the Fourteenth Amendment). The Kansas Supreme Court rejected this argument, saying that "the district judge's inquiry into Becknell's willingness to testify was not a part of the prosecution in which [Applicant's] Sixth Amendment right to a public trial was implicated." *Reed*, 352 P.3d at 542. To prevail on this claim, Applicant must show that this decision was contrary to, or unreasonably applied, United States Supreme Court precedent. He fails to do so. The one-page discussion of this argument in his appellate brief refers to five Supreme Court opinions, none of which establish that a court violates a defendant's public-trial rights by using closed-courtroom questioning merely to determine a witness's availability. *See Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 478 U.S. 1, 10 (1986) (First Amendment right of public access to criminal trials applies to preliminary hearings); *Waller v. Georgia*, 467 U.S. 39, 46–48 (1984) (closing entire suppression hearing to public can violate defendant's public-trial right); *Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 510–11 (1984) (First Amendment right of access to criminal trials applies to voir dire of jury); *Estes v. Texas*, 381 U.S. 532, 534–35 (1965) (televising defendant's trial violated his Fourteenth Amendment due-process rights); *In re Oliver*, 333 U.S. 257, 272–73, 276–78 (1948)

4

(violation of due process where one-person grand jury, proceeding in secret, charged a grand-jury witness with contempt, convicted him, and sentenced him to prison). No reasonable jurist could debate that Applicant met his § 2254(d) burden on this claim.[1]

The two components of Applicant's second claim are that the trial court erred in its unavailability finding because it failed to issue an order requiring Becknell to testify and that his trial counsel "was ineffective for failing to object to the trial judge's determination that Becknell was unavailable." R., Vol. I at 25 (capitalization omitted). The Kansas Supreme Court rejected both claims, ruling that the trial judge "did not abuse his discretion when he determined Becknell was unavailable" and that "[Applicant's] claim that his trial counsel was ineffective for failing to object to that decision is without merit." *Reed*, 352 P.3d at 544. With respect to the unavailability ruling, Applicant cites only decisions of this court and the Kansas Supreme Court. In our view they are distinguishable, or even contrary to his position; but, in any event, they are irrelevant to the inquiry under AEDPA. Applicant must show that the decision of the Kansas Supreme Court was contrary to, or an unreasonable application of, holdings of the United States Supreme Court. He gives us nothing to work on in that regard. No reasonable jurist could debate that he has satisfied the AEDPA standard on that claim.

---

[1] Applicant also asserts on appeal that his trial counsel was ineffective for failing to object to the purported denial of his public-trial right. But he failed to make this argument in his § 2254 application, leaving it for his traverse in district court. That is insufficient to preserve an issue for appeal, *see United States v. Lor*, 706 F.3d 1252, 1256 (10th Cir. 2013) (applying rule in case arising under 28 U.S.C. § 2255); *Thompkins v. McKune*, 433 F. App'x 652, 658–60 (10th Cir. 2011) (applying rule in § 2254 context), so we need not address this ineffective-assistance argument.

5

Nor can Applicant prevail on the second component of this claim. The Kansas Supreme Court, after upholding the trial court's decision that Becknell was unavailable, drew the natural conclusion that Applicant's trial counsel was not ineffective for failing to object to that decision (after all, a defendant is not prejudiced by counsel's failure to raise an objection that would not succeed). Again, Applicant provides no contrary authority from the United States Supreme Court. No reasonable jurist could debate the district court's rejection of this claim.

Applicant's third claim is that his trial counsel "was ineffective in waiving [Applicant's] Sixth [Amendment] right to confrontation" by not objecting to the prosecution's offer of Becknell's preliminary-hearing transcript into evidence. R., Vol. I at 28 (capitalization omitted). The Kansas Supreme Court rejected this claim after first deciding that admission of the preliminary-hearing testimony did not violate Applicant's right to confrontation. *See Reed*, 352 P.3d at 544–45. Because there was no violation, counsel's failure to object could not have prejudiced Applicant. *See id.* at 545. Applicant has failed to present any decision of the United States Supreme Court that casts doubt on that logic or on the determination that the preliminary-hearing testimony was admissible. No reasonable jurist could debate the district court's denial of this claim.

Applicant's final claim concerns the testimony of Michael Price, who drove with Applicant to Becknell's house before the shooting. Price entered into a plea agreement requiring him to testify against Applicant. At trial the prosecutor elicited from Price that the agreement required him to testify truthfully and this requirement was why he was "testifying . . . truthfully." *Id.* (internal quotation marks omitted). Applicant argues that

6

the prosecutor had improperly vouched for Price's veracity and Applicant's attorney was ineffective in not objecting to this vouching. The Kansas Supreme Court held that such questioning regarding the terms of a plea agreement is not improper and defense counsel's failure to object was not deficient performance. Applicant cites no decision of the United States Supreme Court that would undermine either of those conclusions. No reasonable jurist could debate the district court's denial of this claim.

We **DENY** Applicant's request for a COA, **DENY** his request for reconsideration of our prior ruling declining to appoint him appellate counsel, and **DISMISS** this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge

7