**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICKY BARKSDALE GREEN,

    Defendant-Appellant.

No. 08-2195

(D.C. No. 2:06-CR-2605-MCA)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

A grand jury indicted Defendant Ricky Barksdale Green with (1) possessing with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (2) possessing with the intent to distribute less than 500 grams of a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) possessing with the intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (4) possessing a firearm in furtherance of a drug trafficking

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and (5) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant represented himself during his subsequent trial, was ultimately convicted on all counts, and received a 180-month sentence. He now raises three issues on appeal.

First, Defendant maintains that he did not knowingly and voluntarily waive his Sixth Amendment right to counsel. Second, Defendant argues the district court should have suppressed various evidence obtained from a trailer in which he was found because authorities uncovered this evidence only as a result of violating his Fifth Amendment right to remain silent. Third, Defendant contends the district court erred in treating certain prior convictions used to enhance his sentence as sentencing factors, rather than an element of the offense that must be pled in the indictment and proved to the jury beyond a reasonable doubt. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

I.

Our reasons for affirmance are three-fold. First, the extensive record in this case supports the district court's conclusion that Defendant's waiver of his right to counsel was knowing and voluntary. Second, as Defendant failed to make an argument for suppression of the evidence obtained from the trailer based on a violation of his right to remain silent in district court, he has waived his right to press this issue on appeal. Third, Defendant's argument in regard to the prior convictions used to enhance his sentence is clearly foreclosed by our precedents. As

we explain below, Defendant's points of error are, therefore, meritless.

A.

In determining whether Defendant properly waived his right to counsel, we review the district court's factual findings for clear error, but consider the ultimate question of whether a constitutional violation occurred de novo. See United States v. Tucker, 451 F.3d 1176, 1180 (10th Cir. 2006). Whether a Defendant has knowingly and voluntarily waived his right to counsel depends on the "particular facts and circumstances" of each case, "including the background, experience, and conduct of the accused." Edwards v. Arizona, 451 U.S. 477, 482 (1981). A decision to proceed pro se is "knowing" if a defendant "knows what he is doing" and makes the decision to represent himself with his "eyes open," Faretta v. California, 422 U.S. 806, 835 (1975), and "voluntary" if a "defendant is not forced to make a 'choice' between incompetent counsel or appearing pro se."[1] United States v. Taylor, 113 F.3d 1136, 1140 (10th Cir. 1997).

Defendant, in this appeal, attempts to exploit his own seemingly contradictory statements to show that his decision to represent himself was not knowing and voluntary.[2] See Record on Appeal (ROA), Vol. III, at 224-25. But the record, taken

---

[1] Expressed differently, the purpose of the knowing and voluntary requirement is to ensure (1) the defendant understands "the significance and consequences" of his decision, and (2) that "the decision is uncoerced." Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993).

[2] Because Defendant failed to raise the legitimacy of his waiver of the right (continued...)

3

as a whole, tells a different story. At various times, the district court appointed three different attorneys to represent Defendant. The first two were allowed to withdraw at Defendant's behest. When Defendant refused to be represented by his third appointed counsel, the district court conducted an ex parte hearing and determined that Defendant's counsel was competent and had rendered Defendant effective assistance.[3] See id. at 71-79. In light of its ruling, the district court refused to allow Defendant's third appointed counsel to withdraw. See id. at 79. Defendant, adamant that his third appointed counsel should not represent him, subsequently chose to proceed pro se. See, e.g., id. at 79-81. The district court, thereafter, designated Defendant's third court-appointed attorney as stand-by counsel and repeatedly encouraged Defendant to solicit her assistance. See, e.g., id. at 81, 106, 132, 149.

The record demonstrates that, after the district court's repeated warnings, Defendant "had a sense of the magnitude of the undertaking and the inherent hazards of self-representation at the time of his decision to proceed pro se." Taylor, 113 F.3d at 1141 (emphasis omitted); see also ROA, Vol. III, at 80, 148, 227; United States v. DeShazer, 554 F.3d 1281, 1288 (10th Cir. 2009) ("In this case, there is no serious

---

[2](...continued)
to counsel before the district court, plain error review applies. See United States v. DeShazer, 554 F.3d 1281, 1288 (10th Cir. 2009). The plain error standard is not determinative in this case, however, as we conclude Defendant knowingly and voluntarily waived his right to counsel. Thus, the district court committed no error, plain or otherwise.

[3] Importantly, Defendant has not challenged the district court's ruling that his third appointed counsel was competent and had rendered him effective assistance.

dispute that the district court's repeated warnings and instructions were sufficient to inform [the defendant] of the dangers and disadvantages of proceeding pro se."). Indeed, Defendant questioned his own decision to proceed pro se shortly before trial. See ROA, Vol. III, at 224-25. But when faced with either allowing his third appointed attorney to represent him, which would require giving up control over the presentation of his defense, or maintaining the ability to conduct the trial as he saw fit, Defendant "knowingly" chose the latter. See id. at 239-246; see also Faretta, 422 U.S. at 820 ("[W]hen a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas."); United States v. Treff, 924 F.2d 975, 979 n.6 (10th Cir. 1991) ("The decision to allow hybrid representation and to limit the defendant's participation in such representation is within the discretion of the trial court.").

Nor may Defendant show that his decision to represent himself was involuntary, i.e., he was presented with the Hobson's choice of representation by incompetent counsel or proceeding pro se. Defendant does not argue that his third court-appointed counsel was deficient in any way and our review of the record reveals that this was far from the case. To the contrary, the record "supports the district court's view that defendant's objections to" his third appointed counsel "were groundless." United States v. Padilla, 819 F.2d 952, 956 (10th Cir. 1987); see also id. ("The Sixth Amendment provides no right to counsel blindly following a

5

defendant's instructions.").

In short, Defendant had the choice to either allow a competent, prepared attorney to represent him or to conduct his own defense. See ROA, Vol. III, at 77-81, 224-25, 239-40. His decision to represent himself — with stand-by counsel's assistance — was clearly "voluntary" under our precedents, as "refusal without good cause to proceed with able appointed counsel" constitutes "a 'voluntary' waiver."[4] Taylor, 113 F.3d at 1140; see also United States v. Willie, 941 F.2d 1384, 1391 (10th Cir. 1991) ("The choice between finishing the trial with admittedly competent counsel or proceeding pro se did not deny the defendant his right to counsel."); Padilla, 819 F.2d at 956 ("We conclude the choice given defendant between continuing with retained counsel or proceeding pro se was constitutionally permissible, and defendant's decision to represent himself was therefore voluntary."). We, therefore, reject Defendant's first claim of error.

## B.

The Government contends Defendant failed to raise before the district court the suppression argument he now presses on appeal and that consequently we should not consider this issue. See United States v. Banks, 451 F.3d 721, 727-28 (10th Cir.

---

[4] See United States v. Willie, 941 F.2d 1384, 1390 (10th Cir. 1991) ("Willie's repeated and unequivocal assertions of his right to self-representation, his continuous stubborn refusal to accept the services of admittedly competent and available counsel, his numerous pro se petitions and his clear expression that he could only work with an attorney who shared his views . . . constitute a valid implied waiver of his right to counsel.").

6

2006) ("[A] party's failure to raise a specific argument in a suppression hearing results in waiver on appeal unless the party is able to show cause why it failed to raise the argument below. Finding no such cause here, we do not consider this argument further.") (citations omitted). We have reviewed Defendant's four suppression motions and agree with the Government that Defendant failed to move the district court to suppress the physical evidence obtained from the trailer based on a violation of his Fifth Amendment right to remain silent. Furthermore, "we have found no impediment to [Defendant's] ability to raise the issue." United States v. Dewitt, 946 F.2d 1497, 1502 (10th Cir. 1991). We, therefore, follow Banks and decline to consider this matter further.

## C.

Finally, Defendant's argument regarding the necessity to treat the prior convictions used to enhance his sentence as elements of an offense that must be pled in the indictment and proved to the jury beyond a reasonable doubt is foreclosed by our precedents. See United States v. Wilfong, 475 F.3d 1214, 1221 (10th Cir. 2007) ("[T]he existence of a prior conviction is merely a sentencing factor, and not a separate element of the offense that must be pled in an indictment."); United States v. Davis, 437 F.3d 989, 998 (2006) ("This court has held post-Booker that the existence and classification of prior convictions used to enhance a defendant's sentence need not be charged in the indictment and submitted to a jury."); United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005) ("[W]e are bound by existing

7

precedent to hold that the <u>Almendarez-Torres</u> exception to the rule announced in <u>Apprendi</u> and extended to the Guidelines in <u>Booker</u> remains good law."). Recognizing this fact, Defendant states that he merely seeks to preserve this issue for further review. We duly note that Defendant has raised this issue before us and reject his claim of error.[5]

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[5] We also note that Defendant failed to raise his <u>Apprendi</u> argument before the district court and it is thus subject to plain-error review. <u>See</u> <u>United States v. Mozee</u>, 405 F.3d 1082, 1090 (10th Cir. 2005).