**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERNEST GALLEGOS,

> Petitioner - Appellant,

v.

ERASMO BRAVO, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

> Respondents - Appellees.

No. 11-2093
(D. New Mexico)
(D.C. No. 1:10-CV-00372-JB-KBM)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **BRISCOE,** Chief Judge, **MURPHY,** and **MATHESON**, Circuit Judges.

---

Proceeding *pro se*, Ernest Gallegos seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). After a jury trial, Gallegos was convicted of

murder, kidnapping, aggravated burglary, armed robbery, aggravated battery, and

tampering with evidence. *State v. Gallegos*, 206 P.3d 993, 996 (N.M. 2009). His

convictions were affirmed by the Supreme Court of New Mexico. *Id*. at 1003.

Gallegos sought, and was denied, state post-conviction relief. He filed his timely § 2254 petition in federal district court on April 15, 2010.

In his § 2254 petition, Gallegos presented the following nine claims: (1) he was denied meaningful access to the courts because he did not have access to a law library to prepare his § 2254 petition, (2) he is actually innocent, (3) the state withheld exculpatory evidence, (4) the state fabricated evidence, (5) the state knowingly destroyed exculpatory evidence, (6) the jury returned inconsistent verdicts, (7) he was punished multiple times for the same criminal conduct, (8) the district court erred by applying a firearm enhancement to his sentence because the jury did not find that he possessed a firearm, and (9) he was denied effective assistance of counsel. Gallegos's petition was referred to a magistrate judge who meticulously examined each of his claims. In a comprehensive report and recommendation, the magistrate judge concluded Gallegos's access-to-the-courts claim, ineffective assistance claim relating to the grand jury instructions, and freestanding claims of actual innocence were not cognizable in a federal habeas corpus proceeding. Applying the standards set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the magistrate judge also concluded the New Mexico courts' adjudication of Gallegos's remaining claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The magistrate judge recommended that Gallegos's § 2254 petition be dismissed with prejudice.

Gallegos received notice in the report and recommendation that he was required to file any objections he might have within fourteen days after receiving the report. The notice was conspicuously outlined by a bold box and specifically warned Gallegos that the failure to file objections would constitute a waiver of those objections on subsequent appellate review. Gallegos's written objections consisted of the following paragraph, repeated twenty separate times in his filing:

> Petitioner objects to this proposed dismissal on the grounds that applicable law and applications thereof have not been followed and that his petition has been prejudice [sic] through purposly [sic] removing pieces of the record proper. That (AEDPA) standards are a mixed question of law and facts that can only be farreted [sic] out in an evidentiary hearing before the court.

This court has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id*. The district court recognized the potential application of this court's firm waiver rule, but nevertheless considered Gallegos's general objections de novo. In an abundance of caution, the court also addressed the merits of all the claims upon which Gallegos could argue for application of the interests-of-justice exception to the firm waiver rule. *See id.* ("The waiver rule as a procedural bar need not be applied when the interests of justice so dictate."). After a comprehensive analysis

of those claims, the district court adopted the proposed findings and recommended disposition of the magistrate judge and denied Gallegos's habeas petition.

In his application for a COA, Gallegos has simply reproduced all the claims he raised in his § 2254 petition. Additionally, he challenges the district court's decision that an evidentiary hearing was not necessary to resolve his claims. He does not, however, address the firm waiver rule or argue that either of the two exceptions to the waiver rule apply in this case. *See Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996) ("This rule does not apply, however, when . . . the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object."); *Moore*, 950 F.2d at 659. Because Gallegos's terse and rote objections to the magistrate judge's findings and recommendations are insufficient to avoid application of the firm waiver rule, this court concludes Gallegos has not preserved for appellate review any of the claims raised in his § 2254 petition. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Further, because Gallegos's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003).

This court **denies** Gallegos's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge