**UNITED STATES COURT OF APPEALS**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY BARKSDALE GREEN,

    Defendant - Appellant.

No. 11-2108
(D. N.M.)
(D.C. Nos. 1:10-CV-00930-MCA-LFG &
2:06-CR-2605-MCA-1)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Ricky Barksdale Green, a federal prisoner proceeding pro se,[1] wants to appeal

from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or

correct sentence. Because that decision is not even debatably incorrect, we deny Green's

request for a Certificate of Appealability (COA).

Green was convicted after a jury trial of various drug and firearm offenses and was

sentenced to 180 months imprisonment. He cycled through three attorneys (two were

court-appointed) before deciding to represent himself at trial with the assistance of stand-

---

[1] We liberally construe Green's pro se filings. *See Ledbetter v. City of Topeka,
Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

by counsel. Counsel was appointed for his appeal. Appellate counsel filed an appeal on his behalf, arguing, *inter alia*, that Green did not knowingly and voluntarily waive his Sixth Amendment right to counsel. We affirmed, specifically concluding Green had knowingly and voluntarily waived his right to counsel. *See United States v. Green*, 336 Fed. Appx. 837, 839-40 (10th Cir. 2009).

Green filed a § 2255 motion, claiming he "did not 'clearly and unequivocally' [or] 'knowingly and intelligently'" waive his right to counsel. (R. at 6.) With the district court's permission, he supplemented his § 2255 motion to add a claim of ineffective assistance of appellate counsel based on counsel's failure to raise the waiver of counsel argument on appeal.

The motion was referred to a magistrate judge, *see* 28 U.S.C. § 636, who recommended the denial of Green's § 2255 motion for these reasons.[2] First, the issue of whether Green knowingly and voluntarily waived his right to counsel had already been rejected on direct appeal and therefore could not be re-litigated in a § 2255 motion. However, even if the issue could be raised in a § 2255 motion, the magistrate concluded (as we did on direct appeal) the record demonstrated Green had knowingly and voluntarily waived his right to counsel. Second, the magistrate determined appellate

---

[2] The magistrate initially construed Green's original § 2255 motion as raising three grounds, including a violation of his right to remain silent during custodial interrogation. However, as the magistrate later acknowledged, he "inadvertently recited the three claims Green raised on direct appeal as the claims he intended to assert in his habeas petition." (R. at 129.) Green attempted to avail himself of the court's "mistake" by alleging in a reply that the Tenth Circuit had erred on appeal in determining he had failed to raise the right to remain silent issue with the district court. The magistrate correctly rejected this untimely claim.

counsel's representation was not ineffective because he did in fact raise the waiver of counsel issue on direct appeal. Green did not object to the magistrate's recommendation. The district court adopted the recommendation and denied Green's § 2255 motion. It also denied Green's subsequent requests for a COA and to proceed *in forma pauperis* (*ifp*) on appeal.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

In a cogent order, adopted by the district court, the magistrate thoroughly and correctly addressed and resolved the issues. No jurist of reason could reasonably debate the correctness of that decision. Moreover, because Green failed to object to the magistrate's report and recommendation, he has waived appellate review of both factual and legal questions. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate's findings and recommendations waives appellate

review of both factual and legal questions.").[3]

We **DENY** Green's request for a COA and **DISMISS** this matter. We **DENY**

Green's motion to proceed *ifp* on appeal. He must pay the full amount of the filing and

docketing fee.[4]

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

---

[3] There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez*, 418 F.3d at 1119 (quotations omitted). Neither exception applies here.

[4] Dismissal of an appeal does not relieve a litigant of his obligation to pay the filing fee in full. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).