**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD WING,

      Petitioner-Appellant,

v.

JAMES JANECKA,

      Respondent-Appellee.

No. 13-2024

(D. of N.M.)

(D.C. No. 2:12-CV-00184-JAP-GBW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Donald Wing, a New Mexico state prisoner, requests a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A) to appeal the district court's denial of federal habeas relief under 28 U.S.C. § 2254. He also asks to proceed *in forma pauperis* (IFP). We construe Wing's filings liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his COA request, decline to address his IFP request as moot,[1] and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Wing was granted permission to proceed IFP in the district

(continued...)

Wing was arrested after making illicit online communications with an undercover officer posing as a twelve-year-old girl. A police investigation uncovered child pornography on Wing's computer and video footage on Wing's camera of a middle-aged man who appeared to be Wing engaging in sex acts with Wing's four-year-old granddaughter. Wing was therefore charged and tried before a New Mexico state jury for twenty-one counts of sex crimes against children. At the trial's conclusion, the jury found Wing guilty of one count of child solicitation by electronic communication, four counts of first-degree criminal sexual penetration of a child under the age of thirteen, four counts of sexual exploitation of children, one count of second-degree criminal sexual contact with a child under the age of thirteen, and ten counts of possessing child pornography. Wing was sentenced to eighty-seven years' imprisonment.

Wing appealed his convictions and sentence, both of which were affirmed by the New Mexico Court of Appeals. The New Mexico Supreme Court then denied certiorari. Wing's subsequent habeas petition to state court was also denied, and the state supreme court again denied certiorari.

Next, in the District of New Mexico, Wing filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Wing raised six claims, all related to the allegedly ineffective assistance of his trial counsel. A magistrate judge

---

[1](...continued)
court, and the district court did not alter his status, his IFP status continues on appeal. *See* Fed. R. App. P. 24(a)(3). Thus, his IFP request is moot.

conducted the first review of Wing's petition. The magistrate judge found four of the claims were exhausted in state court but two were not. Still, because he found all six to be without merit for failure to show prejudice, he recommended denying the petition in full. The magistrate judge also advised Wing that Wing had fourteen days to file any objections to the findings or recommended disposition.

Wing did not respond to the magistrate judge's findings and recommendation until almost thirty days later, when he asked the district court for an additional six months to draft a response. The district court granted the extension, and four months later, Wing filed a document titled "Petitioner's Objections to Proposed Findings and Rec[]ommended Disposition." R. at 356.

The district court construed Wing's filing not as an objection to the magistrate judge's findings and recommended disposition but as a motion to amend the habeas petition. Considering the untimeliness of the motion and the magistrate judge's unchallenged findings, the district court denied the motion to amend and adopted the magistrate judge's recommendation in full, thereby denying Wing's petition. The district court also declined to grant a COA.

Wing now seeks a COA from our court. Without one, he cannot appeal the denial of his habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). We grant a COA only if an applicant shows "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United*

-3-

*States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation marks omitted).

Wing cannot demonstrate that the issues he has presented should have been resolved differently or deserve encouragement to proceed further. "[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Here, the district court correctly construed Wing's filing as a motion to amend his petition, not as an objection to the magistrate judge's findings or recommended disposition. In Wing's filing, he conceded, "Petitioner has apparently failed to present his petition in a manner that expresses why he feels his grounds are meritorious," and he goes on to request "leave to amend his petition to attempt to better explain his grounds and present this court with information/evidence to show his grounds are meritorious." R. at 356–57. He did not challenge any of the magistrate judge's original findings or the recommendation. Accordingly, Wing waived any objection, and the district court properly adopted the magistrate judge's opinion and denied Wing's petition.

To be sure, an "interests of justice" exception exists when the *pro se* litigant raises important issues but falls just short of complying with the timely objection requirement, or offers a persuasive explanation for his failure to comply. *See Duffield*, 545 F.3d at 1238. But neither circumstance applies here.

Wing concedes that he "*incorrectly* titled" his filing to the district court as "objections to [the magistrate judge's findings and recommendations]"; he admits he intended only to file "a motion to amend" his habeas petition. *See* Aplt. Br. at 1, Att. A (emphasis added). And as the district court explained, a motion to amend was subject to denial on two independent bases, futility and undue delay. Although Wing explains why his motion to amend was delayed, nothing in Wing's arguments or in the record suggests amendment would not be futile.

For these reasons, we DENY Wing's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge