FILED
United States Court of Appeals
Tenth Circuit

July 24, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BOBBIE MCMULLIN,

        Petitioner - Appellant,

v.

E. BRAVO, Warden, Guadalupe
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 12-2144
(D.C. No. 1:11-CV-01112-JCH-WDS)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Bobbie McMullin was convicted in two separate but related cases in New Mexico state court in 2009 and 2010 of numerous offenses of promoting prostitution. After unsuccessfully seeking relief in the state system, Mr. McMullin initiated this action by filing a pro se[1] habeas petition under 28 U.S.C.

---

[*]      This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. McMullin is proceeding pro se, we construe his filings

(continued...)

§ 2254. The district court dismissed the petition with prejudice and denied Mr. McMullin a certificate of appealability ("COA"). He now seeks a COA from our court to appeal from this dismissal. Additionally, Mr. McMullin has filed a "Motion for Court Investigation of GCCF[2] Prison Mail Facility" ("Motion for Investigation"). *See* Mot. for Investigation, filed Dec. 21, 2012. Although this motion is far from pellucid, insofar as we are able to discern its substance, we conclude that the factual foundation for any relief is wanting and deny the motion. Further, we deny Mr. McMullin's request for a COA and dismiss this matter.

## I

In 2009, Mr. McMullin was convicted, following a jury trial, of numerous counts of promoting prostitution and was sentenced to thirteen and one-half years' incarceration. In 2010, he pleaded no contest to additional charges of promoting prostitution, racketeering, money laundering, extortion, and false imprisonment. For these offenses, he received a thirty-year partially suspended sentence that was to run concurrently with the sentence imposed from his 2009 conviction.

Represented by counsel, Mr. McMullin unsuccessfully appealed his 2009

---

[1](...continued)
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[2]     Mr. McMullin is currently incarcerated in the Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico.

conviction. Additionally, proceeding pro se, he requested that the state courts provide him with a copy, free of charge, of the majority of (if not the entirety of) the record in both his 2009 and 2010 convictions. The state courts denied these requests. Mr. McMullin then turned to the federal district court for relief.

In his § 2254 petition before the district court, Mr. McMullin sought three forms of relief: "(1) to compel the state to provide him with 'all requested records, files and transcripts at no cost to the Petitioner'; (2) 'restitution'; and (3) to vacate both convictions and bar the state 'from any additional attempts to prosecute Petitioner with materials contained in the requested files, records and transcripts.'" R. at 249 (Magistrate Judge's Proposed Findings & Recommended Disposition, filed Apr. 25, 2012) [hereinafter Recommendation] (quoting *id.* at 11 (Pet. Under 28 U.S.C. [§] 2254, filed Dec. 19, 2011)). The district court referred Mr. McMullin's habeas petition to a magistrate judge who recommended that it be denied and that the case be dismissed with prejudice. Mr. McMullin filed objections; the district court overruled them. The district court adopted the recommendation, dismissed Mr. McMullin's claims with prejudice, and denied Mr. McMullin a COA.

## II

Mr. McMullin now seeks a COA from our court so that he may appeal the district court's dismissal of his petition. A state prisoner seeking "to appeal the denial of a habeas petition . . . [that] was filed pursuant to § 2254" must first

3

obtain a COA "whenever the detention complained of . . . arises out of process issued by a State court." *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (quoting *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)) (internal quotation marks omitted); *see* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## III

Construing Mr. McMullin's briefing liberally, there are three issues before us: first, whether he is entitled to a COA regarding the denial of his claims in his original habeas petition; second, whether he is entitled to a COA regarding the wide range of alleged trial and appellate errors raised in his objections and in his opening brief before us; and third, whether he has presented a cognizable claim for relief in his Motion for Investigation. We briefly address each of these issues in turn.

4

**A**

As we noted above, Mr. McMullin sought three forms of relief in his habeas petition and the magistrate judge recommended denying relief as to all three forms. Although Mr. McMullin filed objections to the magistrate judge's Recommendation, he did not make specific objections.[3] Thus, the district court deemed him to have waived de novo review. Mr. McMullin does not challenge this conclusion in his application for a COA.

Under the firm waiver rule, the failure to file timely and specific objections "to a magistrate's recommendations 'waives appellate review of both factual and legal questions.'" *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)); *see United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Wing v. Janecka*, --- F. App'x ----, 2013 WL 2933852, at *2 (10th Cir. 2013); *United States v. Green*, 444 F. App'x 246, 248 (10th Cir. 2011); *Gallegos v. Bravo*, 437 F. App'x 624, 625–26 (10th Cir. 2011). Mr. McMullin has thus waived appellate review of the challenges asserted in his

---

[3]     Mr. McMullin's "objections" to the Recommendation consisted of several alleged trial and appellate errors. We address these, and the similar assertions in his briefing before us, *infra* in Part III.B.

5

habeas petition. *See, e.g.*, *Duffield*, 545 F.3d at 1237. More to the point, in the COA context, he is not entitled to a COA on any of these challenges. *Cf., e.g.*, *Wing*, 2013 WL 2933852, at *2. Given his waiver, and his complete failure to challenge such waiver, he has not come close to showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Harris*, 642 F.3d at 906 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

**B**

In his objections and in his brief before us, Mr. McMullin asserts various alleged trial and appellate errors. Some of these alleged errors overlap, and some do not. Procedurally, these errors can be broken down into three categories: (1) those raised only before the district court in Mr. McMullin's objections to the Recommendation, (2) those raised for the first time before us, and (3) those raised in the objections and in Mr. McMullin's opening brief before us. However, none of these errors were raised in his original habeas petition. All of these claims are therefore waived. *See Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("[The petitioner] raises several [assertions of error], all of which he has waived by failing to assert them in his district court habeas petition."); *see also Mays v. Dinwiddie*, 441 F. App'x 575, 578 (10th Cir. 2011) ("As a general rule, we will not consider issues on appeal that were not raised before the district court *as part*

6

*of the habeas petition.*" (emphasis added)); *Thompkins v. McKune*, 433 F. App'x 652, 658–59 (10th Cir. 2011) (holding that the petitioner had "waived this argument by failing to assert it in his federal habeas petition" and collecting cases); *cf.* Rule 2(c) of the Rules Governing Section 2254 Cases in U.S. Dist. Cts. ("The petition must . . . specify all the grounds for relief available to the petitioner . . . ."). To the extent that Mr. McMullin is requesting a COA so that we may review these alleged errors on appeal, we deny his request.

## C

Finally, in his Motion to Investigate, Mr. McMullin asserts that he "has experienced many improper issues involving his US Postal communications with this court and previous courts." Mot. to Investigate, at 1. He also claims that, because the Tenth Circuit does not waive copying fees for indigents, he is "forced to proceed with out [sic] the necessary notifications and documents due to his extended impoverishment," which "is a clear violation of his rights to due process and fair and equal treatment under the law, United States Constitution." *Id.* at 5. However, he fails to allege any facts sufficient to support either of these claims and thus is not entitled to relief. We deny the Motion to Investigate.

**IV**

Accordingly, we **deny** Mr. McMullin's request for a COA, **deny** his Motion

to Investigate, and **dismiss** this matter.


Entered for the Court


JEROME A. HOLMES
Circuit Judge