**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MATTHEW SCOTT STRICKLAND,

  Petitioner - Appellant,

v.

JIMMY MARTIN,

  Respondent - Appellee.

No. 21-6051
(D.C. No. 5:17-CV-00843-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

A jury in Oklahoma state court found Applicant Matthew Scott Strickland guilty

of three counts: (1) murder in the first degree, in violation of title 21, section 701.7 of the

Oklahoma Statutes; (2) assault and battery with a deadly weapon, in violation of title 21,

section 652 of the Oklahoma Statutes; and (3) use of body armor while committing a

felony, in violation of title 21, section 1289.26 of the Oklahoma Statutes. At issue at the

trial was whether Mr. Strickland acted in self-defense. The jury found Mr. Strickland

guilty, and he received sentences of life imprisonment, ten years' incarceration, and five

years' incarceration, respectively.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After unsuccessfully appealing his convictions and seeking state post-conviction relief, Mr. Strickland applied for relief under 28 U.S.C. § 2554 in the United States District Court for the Western District of Oklahoma. The district court denied his habeas petition. He now seeks a certificate of appealability ("COA") from this court. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). We deny his request and dismiss this matter.

## I.  PROCEDURAL BACKGROUND

Mr. Strickland initially appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). He raised two issues: (1) the evidence presented was insufficient to support his convictions because the prosecution failed to prove beyond a reasonable doubt that he was not acting in self-defense; and (2) prosecutorial misconduct deprived him of a fair trial. The OCCA affirmed his convictions.

Mr. Strickland then filed an application for post-conviction relief in the District Court of Oklahoma County, raising three issues: (1) his appellate counsel was ineffective by failing to raise a claim that his trial counsel were ineffective for failing to investigate mental health records and otherwise conduct a mental health investigation; (2) his appellate counsel was ineffective by failing to raise a claim that his trial counsel were ineffective for failing to conduct an investigation and present expert testimony substantiating his account of the incident; and (3) the cumulative error denied him his constitutional rights.

The day after he filed his application for post-conviction relief in the District Court of Oklahoma County, Mr. Strickland filed a pro se habeas petition pursuant to

2

28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. He then sought and received a stay pending exhaustion of his state court remedies. After the District Court of Oklahoma County denied his application for post-conviction relief, and the OCCA affirmed the denial, Mr. Strickland reopened his federal habeas case. Now represented by counsel, Mr. Strickland raised several issues in his briefing: (1) sufficiency of the evidence; (2) prosecutorial misconduct; (3) ineffective assistance of appellate counsel in failing to assert two claims of ineffective assistance of trial counsel; and (4) cumulative error. A magistrate judge considered the issues and issued a Report and Recommendation, recommending the habeas petition be denied. Mr. Strickland objected to the report, but the district court adopted it and denied the habeas petition and later denied a COA. Mr. Strickland now seeks a COA from this court.

## II. DISCUSSION

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). To put it simply, Mr. Strickland must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a claim has been adjudicated on the merits in a state court, a federal court can grant

habeas relief only if the applicant establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2). This is a high bar. But "[i]f a claim was not decided on the merits by the state courts (and is not procedurally barred), we may exercise our independent judgment in deciding the claim." *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001).

Under the § 2254(d) standard, a federal court may not grant relief simply because it concludes in its "independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly," but may grant relief only where "the ruling [is] 'objectively unreasonable, not merely wrong; even clear error will not suffice.'" *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)); *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (per curiam) (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015)). Mr. Strickland must thus "show that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *LeBlanc*, 137 S. Ct. at 1728 (ellipsis omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

In addition to this deferential legal standard, the AEDPA establishes a deferential standard of review for the state court's factual findings. Specifically, the "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted

4

only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). We must incorporate the AEDPA's deferential treatment of state court decisions into our consideration of Mr. Strickland's request for a COA. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Mr. Strickland seeks a COA on the following grounds: (1) there was insufficient evidence to support his convictions; (2) his appellate counsel was ineffective in two ways; and (3) the accumulation of errors deprived him of his constitutional rights. We address each of Mr. Strickland's arguments in turn, and ultimately deny his application for a COA.

### A. Sufficiency of the Evidence

First, Mr. Strickland argues there was insufficient evidence to support his convictions. He previously raised this claim as part of his direct appeal to the OCCA, which denied relief. He did not raise this claim again until his habeas petition in the federal district court, where the court denied it as a ground for relief.

To evaluate a sufficiency of the evidence claim, a federal court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). Ultimately, we must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993). And we must give deference to the findings of the reviewing state court—here, the OCCA. *LeBlanc*, 137 S. Ct. at 1728.

5

After reviewing Mr. Strickland's application for a COA, his supporting appendix, and the relevant legal authority, we conclude for the same reasons as did the district court that Mr. Strickland has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). While Mr. Strickland has shown there was evidence from which a jury could have concluded he acted in self-defense, there was also sufficient evidence to support the jury's contrary finding that he was guilty of first-degree murder. The jury heard testimony from the surviving victim, Ottie Sides, and was presented with evidence regarding Mr. Strickland's failure to leave the scene when he had the opportunity to do so, as well as the complicated history between the parties. While we agree with Mr. Strickland that a jury may have concluded he acted in self-defense, we will not disturb a state court jury's decision by reweighing the evidence. *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, we "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs*, 982 F.2d at 1487. Further, because our review is governed by AEDPA, it is doubly deferential. Where the jury's conviction was within the bounds of reason based on the evidence, the OCCA's ruling was not wrong, much less "objectively unreasonable." *LeBlanc*, 137 S. Ct. at 1728. We therefore deny a COA on this claim.

## B. Ineffective Assistance of Counsel

Mr. Strickland next argues his appellate counsel was ineffective for failing to assert two claims of ineffective assistance by his trial counsel in failing to: (1) investigate mental health records or otherwise conduct a mental health investigation and (2) investigate and present evidence substantiating Mr. Strickland's version of events.

6

Ineffective assistance of counsel claims must be analyzed using the approach set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland*, "a defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." *United States v. Holloway*, 939 F.3d 1088, 1102 (10th Cir. 2019) (internal quotation marks omitted). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Because the OCCA previously denied these arguments, we consider whether that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2). Mr. Strickland must show the district court's conclusion that the state court's ruling was not contrary to established law was "debatable or wrong." *Slack*, 529 U.S. at 584.

As to Mr. Strickland's first argument—his appellate counsel's failure to raise his trial counsel's failure to investigate Mr. Strickland's mental health records or conduct a mental health evaluation—the federal district court properly weighed the evidence, the legal standard, and Mr. Strickland's arguments before concluding the trial counsel's failure to conduct a mental health investigation was "well within the range of trial counsel's reasonable professional judgment." App. Vol. 1 at 223. This conclusion was not "debatable or wrong." *Slack*, 529 U.S. at 584. While Mr. Strickland argues a mental health evaluation and investigation would have benefited his defense, his trial counsel

chose to suppress his mental health records because they contained information regarding a "hit list" he had prepared of people he would like to kill—including his mother, one of the ultimate victims. The OCCA upheld the lower state court's finding that "it was clearly sound strategy on the part of [Mr. Strickland's] counsel to suppress evidence of his mental health treatment so as to prevent his jury from hearing [Mr. Strickland's] statements that he wanted to kill his mother." App. Vol. 3 at 613. Because Mr. Strickland has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," we cannot conclude the federal district court's decision was "debatable or wrong." *Slack*, 529 at 584. We therefore deny a COA on this claim.

This also holds true on Mr. Strickland's second ineffective assistance of counsel argument—that his appellate counsel should have raised his trial counsel's failure to investigate and present evidence regarding his version of events. Mr. Strickland argues his trial counsel should have investigated and presented expert testimony on his account that he did not fire the first shot. However, as the OCCA noted, the report submitted by Mr. Strickland in support of this claim concludes that the question of who fired first "cannot be determined from forensic analysis of the physical evidence in this case." App. Vol. 3 at 615. This conclusion from Mr. Strickland's proposed expert is the same conclusion reached by the state investigators who testified at trial. Therefore, no new evidence would have been presented to the jury on this issue, and the question of who fired first turned almost solely on the credibility of the surviving victim's testimony.

Under these circumstances, trial counsel's choice not to pursue this line of defense was well within the bounds of professional judgment.

Because we conclude Mr. Strickland's ineffective assistance of counsel claims fail, the OCCA's determination is not "obviously wrong." *Kayer*, 141 S. Ct. at 520. Nor was the district court's resolution "debatable or wrong." *Slack*, 529 U.S. at 484.

### C. Cumulative Error

Finally, Mr. Strickland argues the accumulation of errors violated his constitutional rights. Having concluded there were no errors, we decline to grant a COA on this ground.[1] *Hanson v. Sherrod*, 797 F.3d 810, 853 (10th Cir. 2015) (requiring at least two errors to engage in a cumulative error analysis).

---

[1] In advancing his cumulative error argument, Mr. Strickland asks us to cumulate all errors in his § 2554 petition and request for a COA even though he acknowledged before the district court that the OCCA viewed his cumulative error argument as only encompassing his two ineffective assistance of appellate counsel claims. Although the state initially raised an exhaustion defense relative to Mr. Strickland's cumulative error argument, the magistrate judge did not address that defense. And the state did not object to the magistrate judge overlooking the exhaustion issue and reaching the merits of all claims in Mr. Strickland's § 2254 petition despite its potential mixed nature. Thus, the firm-waiver rule eliminates our need to consider whether Mr. Strickland properly exhausted the broad cumulative error claim he presents in his request for a COA because the state did not properly preserve that affirmative defense for appellate review. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (observing that Tenth Circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions"); *Gallegos v. Bravo*, 437 F. App'x 624, 625–26 (10th Cir. 2011) (unpublished) (applying firm waiver rule within § 2254 context); *see also Day v. McDonough*, 547 U.S. 198, 199 (2006) (noting that exhaustion of state remedies is an affirmative defense). Finally, where we conclude there are no errors to cumulate, it is unnecessary for us to determine whether the OCCA addressed the merits of the cumulative error claim Mr. Strickland presents in his request for a COA or if it overlooked the scope of this claim such that AEDPA deference would not apply to a federal court's consideration of the claim.

### III.  CONCLUSION

For the foregoing reasons, we DENY Mr. Strickland's request for a COA and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge