FILED
United States Court of Appeals
Tenth Circuit

December 20, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CAYETANO AVALOS SANCHEZ,
a/k/a Calletano Avalos Sanchez, a/k/a
Alberto Rivera Avalos, a/k/a Jose Luis
Avalos Rivera, a/k/a Cholo,

      Defendant - Appellant.

No. 11-5123
(D.C. Nos. 07-CV-00595-TCK-FHM
and 4:06-CR-00082-TCK-1)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner Cayetano Avalos Sanchez, a prisoner proceeding pro se, seeks to

appeal from the district court's denial of his 28 U.S.C. § 2255 motion. United

States v. Sanchez, No. 06–CR–82–TCK, 2011 WL 3715252 (W.D. Okla. Aug. 24,

2011). Finding that Mr. Sanchez has not made a "substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a

certificate of appealability ("COA") and dismiss his appeal.

Background

The parties are familiar with the facts, and we need not restate them here. Briefly, Mr. Sanchez pled guilty to four counts involving possession with intent to distribute methamphetamine and a mixture of cocaine, possession of firearms in furtherance of drug trafficking crimes, and re-entry of a deported alien. He was sentenced in 2006. As part of his guilty plea, Mr. Sanchez waived his right to appeal or collaterally attack his sentence. The district court determined that several claims fell within the scope of the waiver and were validly waived, but did consider other claims (which might undercut the waiver) involving ineffective assistance of counsel. See United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc) (per curiam). Mr. Sanchez also filed a motion to compel his former attorney to provide his case file, which the district court denied.

On appeal, Mr. Sanchez argues that the district court erred by (1) failing to rule on his motion to compel production of his case file, (2) failing to address an argument relating to sentencing under 18 U.S.C. § 924(c), and (3) failing to cite to record evidence in discussing Mr. Sanchez's plea.

## Discussion

### A.   Failure to Rule on Motion to Compel

Mr. Sanchez first argues that the district court erred by failing to rule on his motion to compel production of his case file from his former defense attorney.

After reviewing the record, the district court determined that no purpose would be served by compelling the case file. United States v. Sanchez, 2011 WL 3715252, at *12. Mr. Sanchez's claim—that, without the case file, he could not fully and properly litigate issues—is far too general to show an abuse of discretion, and this conclusion is not reasonably debatable.

B.     Failure to Address Argument

Mr. Sanchez next argues that the district court erred by failing to address an argument he made relating to sentencing for an 18 U.S.C. § 924(c) violation. Mr. Sanchez argued generally in his petition that he received ineffective assistance of counsel because his counsel did not appeal his sentence, then argued more specifically in his habeas reply brief that he received ineffective assistance because his counsel did not make an argument relating to 18 U.S.C. § 924(c). To the extent Mr. Sanchez attempted to make his § 924(c) argument for the first time in his habeas reply, it was not properly presented to the district court and we will not consider it on appeal. See Thompkins v. McKune, 433 Fed. App'x 652, 660 (10th Cir. 2011) (unpublished opinion) (citing Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005) and Jackson v. Duckworth, 112 F.3d 878, 880 (7th Cir. 1997)). Alternatively, to the extent Mr. Sanchez was simply reiterating his original argument—that his counsel was ineffective by not appealing his sentence—the district court addressed and rejected that argument as within the scope of the valid waiver in its opinion. United States v. Sanchez, 2011 WL

3715252, at *5. In either case, the district court did not fail to address an argument it should have addressed.

C.    <u>Failure to Cite to the Record</u>

Mr. Sanchez finally argues that the district court erred by failing to cite to the record in discussing his plea colloquy or Rule 11 change of plea hearing. Mr. Sanchez has not cited any authority requiring the district court to do so and we are not aware of any. In reality, Mr. Sanchez's argument relates more to his belief that the district court erred by failing to compel production of his criminal case file, which we dealt with previously.

We DENY Mr. Sanchez's request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 4 -