**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAREK D. WINDSOR,

      Petitioner - Appellant,

v.

ROBERT PATTON, Director,

      Respondent - Appellee.

No. 15-5011
(D.C. No. 4:12-CV-00105-JHP-TLW)
(N.D. of Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

---

Darek Windsor, an Oklahoma state prisoner, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition. Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA

and dismiss this appeal.

## I. Background

Windsor entered a blind plea of nolo contendere to assault and battery with

a deadly weapon and was sentenced to fifty years' imprisonment with ten years

suspended. Following sentencing, Windsor unsuccessfully moved in the state

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial court to withdraw his plea. Windsor then appealed to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed.

Windsor next filed a succession of three applications for state post-conviction relief. His first petition asserted seven grounds for relief, all of which were rejected by the trial court. Windsor did not appeal to the OCCA. He then filed a second petition asserting a new claim that the assault-and-battery statute under which he was prosecuted was unconstitutional. The trial court denied the petition because Oklahoma law requires petitioners to raise all available grounds for relief in their first application. *See* Okla. Stat. tit. 22, § 1086. Windsor appealed from that judgment, but his appeal was filed with the OCCA one day past the thirty-day filing window. *See id.* § 1087. Pursuant to Rule 5.2 of the OCCA's rules, the OCCA declined jurisdiction and dismissed the appeal. *See* Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. ("Failure to file a petition in error, with a brief, within the time provided, is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal.").

Windsor's third petition sought permission to file an appeal out of time. *See id.* Rule 2.1(E) (permitting petitioners to seek an out-of-time appeal upon proof that "he/she was denied an appeal through no fault of his/her own"). Windsor argued that he gave his appeal to prison officials with enough time for it to be filed within the thirty-day deadline. The trial court denied the application,

again citing the fact that the claim asserted in his second petition should have been raised either on direct appeal or in his first petition. The OCCA affirmed because the record did not establish Windsor was denied the appeal through no fault of his own.

Windsor next filed a *pro se* petition for a writ of habeas corpus in federal district court, asserting: (1) the state criminal statute is unconstitutional, and that argument was never procedurally defaulted; and (2) the trial court accepted his plea "without making the appropriate interrogation regarding his mental state," App. 126. The district court found the first claim procedurally barred. As to the second, the district court applied the appropriate deference due to state-court decisions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and concluded that the OCCA's disposition on Windsor's plea was not contrary to, or an unreasonable application of, clearly established federal law.

## II. Discussion

### A. Standard of Review

A COA is a jurisdictional prerequisite to our consideration of a habeas petition. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). That standard requires a petitioner to establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

-3-

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000) (internal quotation marks omitted).

### B. *Procedurally Barred Claim*

Windsor first challenges the district court's finding that federal review of

his constitutional challenge to the assault-and-battery statute is procedurally

barred. We may grant a COA on the district court's procedural ruling only if

"jurists of reason would find it debatable whether the district court was correct."

*Id.* at 478. Because Windsor has not shown the district court's application of the

procedural bar to be debatable, his appeal cannot proceed.

Federal habeas courts are "barred" from review in any case "in which a

state prisoner has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S.

722, 750 (1991). As noted above, the OCCA's dismissal of Windsor's appeal of

his second petition for post-conviction review was based solely on his failure to

file within the thirty-day filing window. Rule 5.2(C) states that such a failure "is

jurisdictional and shall constitute a waiver of right to appeal and a procedural bar

for th[e] [OCCA] to consider the appeal." Rule 5.2(C), Rules of the Oklahoma

Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. We have previously

held that a dismissal under Rule 5.2(C) is an adequate and independent state law

ground.[1]  *Johnson v. Champion*, 288 F.3d 1215, 1226–27 n.3 (10th Cir. 2002);

*Duvall v. Reynolds*, 139 F.3d 768, 796–97 (10th Cir. 1998).

Windsor contends the OCCA erred because the date of his filing should be determined by the prison mailbox rule—a rule that would establish the filing date as the date he deposited his appeal with the appropriate prison authorities.  The problem for Windsor is that the OCCA does not follow the prison mailbox rule, either for late-filed applications for post-conviction review or for appeals from the dismissal of such petitions.  *See Moore v. Gibson*, 27 P.3d 483, 488 (Okla. Crim. App. 2001); *Hunnicutt v. State*, 952 P.2d 988, 989 (Okla. Crim. App. 1997). Instead, it affords *pro se* prisoners equivalent protections by providing an out-of-time appeal procedure.  *See* Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App.  In the face of a late-filed appeal, a prisoner may apply for an appeal out of time if he can show he was denied an appeal through no fault of his own.  Windsor attempted to secure an out-of-time appeal, but the OCCA concluded that he had not established that he was denied an appeal by no fault of his own.

---

[1]  Windsor does not challenge the adequacy or independence of Rule 5.2(C).  Instead, he makes an argument that Rule 2.1(E), the rule setting out the OCCA's procedure for granting appeals out of time, cannot be used as a procedural bar to review because it is "subjective" and not applied "consistently" or "evenhandedly."  Aplt. Br. at 28.  Because the adequate and independent state procedural ground relied on by the district court was Rule 5.2, we decline to consider the adequacy of Rule 2.1.  Nor would Windsor's bare assertions of inconsistent application by the OCCA be a sufficient basis for us to conclude that Oklahoma courts do not apply Rule 2.1 consistently and evenhandedly.

Because Windsor's appeal was one day late under the OCCA's rules, the district court was correct that the Rule 5.2(C) dismissal presented an adequate and independent state law ground, and that Windsor's claim was procedurally defaulted absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a "demonstrat[ion] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The district court held Windsor failed to establish cause for the default, and none of Windsor's arguments on appeal convince us otherwise. Even assuming cause is established, it would also be Windsor's burden to establish "actual prejudice resulting from the errors of which he complains." *Johnson*, 288 F.3d at 1227 (quoting *United States v. Frady*, 456 U.S. 1257, 1259 (1982)). His brief merely asserts, without any additional explanation, citation, or argument, that his "federal rights of access to the Court, equal protection, and due process show actual prejudice." Aplt. Br. at 26. That is insufficient to make the requisite showing of prejudice. Nor does Windsor make the claim of actual innocence necessary to demonstrate a fundamental miscarriage of justice. *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007).

In sum, we find the correctness of the district court's application of the procedural bar is not debatable and deny a COA on that ground.

## C. Knowing and Voluntary Plea

Windsor also contends his plea was not knowing and voluntary. The OCCA reached the merits of Windsor's challenge to his plea on direct appeal and held that the record established the plea was knowing and voluntary.[2] Although that fact would typically require us to incorporate AEDPA's deferential standard of review into our consideration of whether to issue a COA, *see Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004), we need not do so here because two distinct principles of waiver preclude our review of Windsor's arguments on appeal.

First, grounds for relief not asserted in a petitioner's habeas petition are waived. *See* Rule 2(c)(1), Rules Governing Section 2254 Cases in the United States District Courts ("The petition must . . . specify all grounds for relief available to the petitioner."). A corollary of that principle is that an argument is not preserved by raising it in a reply or traverse. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

Windsor's argument on direct appeal to the OCCA was that his plea was not knowing and voluntary because the state trial court failed to make a sufficient

---

[2] In fact, the Appendix includes only one page from the transcript of the plea proceeding. In that excerpt, the trial court asks Windsor if he "understand[s] that on a blind plea the court could sentence [him] within the range of punishment that's up to life or a 10,000-dollar fine" and if he "understand[s] by entering a plea [he's] giving up [his] rights to . . . the trial and a nonjury trial." App. 21. To both questions, Windsor replied, "Yes, Your Honor." *Id.*

inquiry into his mental state. He made the same claim in his habeas petition. In his reply to the state's opposition to his habeas petition, however, Windsor contended that inherent in that argument was an ineffective assistance of counsel claim.[3] The district court found that the ineffective assistance claim was an entirely new ground for relief and was waived. On appeal, Windsor argues the district court erred in not reaching his ineffective assistance claim.

As the district court did, we construe Windsor's *pro se* habeas petition liberally.[4] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even doing so, we find no hint of an ineffective assistance of counsel claim in the petition. Thus, the ineffective assistance claim was raised for the first time in Windsor's reply and the district court did not err in not reaching it. *See United States v. Sanchez*, 446 F. App'x 149, 150 (10th Cir. 2011); *Thompkins v. McKune*, 433 F. App'x 652, 659 (10th Cir. 2011). We likewise do not consider the

---

[3] Windsor did not include the State's response to his habeas petition or his reply in the Appellant's Appendix. We take judicial notice of these filings found in the district court's docket. *See Windsor v. Patton*, No. 12-CV-105-JHP-TLW (N.D. Okla.), Doc. 6, Apr. 20, 2012, Response to Petition for Writ of Habeas Corpus, and Doc. 11, May 21, 2012, Reply to Response to Petition for Writ of Habeas Corpus; *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[4] Windsor retained counsel after he filed his habeas petition. His reply and his opening brief were filed by counsel.

significant portion of Windsor's opening brief devoted to the alleged ineffective assistance of counsel. *See Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005).

The second waiver principle implicated in this case is that arguments inadequately briefed to this court are waived. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ."). Windsor's brief makes no argument as to why the OCCA's conclusion that Windsor's plea was knowing and voluntary was contrary to, or an unreasonable application of, federal law. With the exception of three general allusions to the claim that the trial court failed to determine his mental state, Windsor's brief focuses solely on the alleged ineffective assistance of trial counsel. Windsor does not cite to any case law relevant as to whether the trial court's inquiry into his mental state was inadequate. Nor does the brief contain a single citation to any relevant part of the record, such as the transcript of the plea proceeding (excepting one page as noted in footnote 2 above). Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *see also Craven v. Univ. of Colo. Hosp. Auth.*, 260 F.3d 1218, 1226 (10th Cir. 2001) (stating that in the face of "bare assertions" we will not "manufacture arguments for an appellant").

Accordingly, we find any argument relating to the state trial court's inquiry at the plea proceeding is also waived.

## III. Conclusion

For the foregoing reasons, we deny a COA and dismiss this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge