FILED
United States Court of Appeals
Tenth Circuit

**March 28, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO ZALDIVAR IGLESIAS,

    Defendant - Appellant.

No. 22-6161
(D.C. No. 5:14-CR-00215-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Antonio Zaldivar Iglesias, an inmate appearing pro se, appeals from the district

court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

On June 6, 2014, Mr. Iglesias and another individual robbed an Oklahoma bank

while armed. During the armed robbery, Mr. Iglesias discharged his firearm into the air

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and pointed it at the bank manager several times.  2 R.12–13.  On August 28, 2014, Mr.

Iglesias pled guilty to knowingly using and discharging a firearm during a crime of

violence in violation of 18 U.S.C. § 924(c)(1)(A).  1 R. 22–44, 47.  The underlying crime

of violence was armed bank robbery.  Id. at 36.  On January 21, 2015, the district court

sentenced Mr. Iglesias to 153 months' imprisonment and five years' supervised release.

1 R. 48–49.

In November 2021, Mr. Iglesias moved for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A).  Mr. Iglesias argued he was eligible for compassionate release in light of

his age (74 years), medical condition, and the COVID-19 pandemic.  Mr. Iglesias noted

that he suffers from active depressive disorder, anxiety disorder, diabetes,

hypothyroidism, high blood pressure, heart cardiopatia, high cholesterol, tachycardia, and

prostate problems.  1 R. 65.  He argued these conditions, especially his diabetes and heart

problems, placed him, according to the CDC, in the high-risk category should he contract

COVID-19.[1]

The district court determined that while his age and medical conditions were "a

potential concern," Mr. Iglesias failed to establish extraordinary and compelling reasons

for compassionate release because his condition was controlled by various medications,

he was able to care for himself in prison with limited restrictions, and he was fully

---

[1] In his reply before the district court, Mr. Iglesias raised entirely new arguments.
He argued, like he does now on appeal, that the district court lacked subject matter
jurisdiction over his offense and that his statute of conviction—18 U.S.C.
§ 924(c)(1)(A)(iii)—is unconstitutionally vague in light of United States v. Davis,
139 S. Ct. 2319 (2019).

vaccinated against COVID-19 thereby reducing the risk he faced.  Moreover, the district court concluded that even if there was an extraordinary and compelling reason, consideration of the § 3553(a) factors made early release inappropriate given the severity of the underlying offense and his age when committing it.  Mr. Iglesias committed his crime at the age of 67, and the district court noted that his relatively advanced age is thus no indicator that he no longer posed a threat to the public.

On appeal, Mr. Iglesias does not challenge the grounds upon which the district court denied his motion for compassionate release but rather reiterates the arguments he made in his reply ("Defendant's Objections to Government's Opposition") before the district court.  Liberally construed, he argues that Section 403 of the First Step Act repealed his statute of conviction.  In turn, he argues this repeal voided the court's subject matter jurisdiction, which renders his continued imprisonment unconstitutional.  Moreover, he argues his continued imprisonment constitutes an ex post facto violation.  Aplt. Br. at 2–4.  Lastly, citing Davis, he argues his statute of conviction is void as it is unconstitutionally vague.  Id. at 2.  He also suggests that the court should hear oral argument in his case by a competent public defender.

## Discussion

We review a district court's denial of a compassionate-release motion for abuse of discretion.  United States v. Hemmelgarn, 15 F.4th 1027, 1031 (10th Cir. 2021) (citation omitted).  "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  United States v. Piper, 839 F.3d 1261, 1265 (10th Cir. 2016).  Given Mr. Iglesias proceeds pro se, we liberally construe his

3

filings but "do not act as his advocate." United States v. Griffith, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

We do not consider the arguments Mr. Iglesias raises in his opening brief because they were not properly presented to the district court, having been raised for the first time in his reply brief.[2] See United States v. Sanchez, 446 F. App'x 149, 150 (10th Cir. 2011) (unpublished). To the extent that Mr. Iglesias challenges the district court's denial of compassionate release, we find no abuse of discretion. The district court provided a reasoned explanation as to why consideration of the § 3553(a) factors made early release inappropriate. We will not disturb a district court's reasoned weighing of those factors. See United States v. Williams, 848 F. App'x 810, 813 (10th Cir. 2021) (unpublished).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] As recognized by the government, Mr. Iglesias' jurisdictional arguments concerning the effect that Section 403 of the First Step Act and the Supreme Court's decision in Davis have on his statute of conviction — § 924(c) — are not colorable. See Aplee. Br. at 15–17.

4